# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 18-20462

————

In Re:  HOUSTON BLUEBONNET, L.L.C.,

United States Court of Appeals
Fifth Circuit

**FILED**

May 16, 2019

Lyle W. Cayce
Clerk

Debtor

HOUSTON BLUEBONNET, L.L.C.,

Appellant

v.

JPMORGAN CHASE BANK, Independent Co-Executor of the Estate of Jane Japhet Guinn; LLOYD BENTSEN, III, Independent Co-Executor of the Estate of Jane Japhet Guinn; HENRY R. HAMMAN; GEORGE AND MARY JOSEPHINE HAMMAN FOUNDATION; LAURA HAMMAN FAIN; ELIZABETH HAMMAN OLIVER; PERRY B. MENKING, JR., successor in interest of the Perry B. Menking, Jr. Investment Management Trust; LYNN SAHIN; KATE LUTKEN BRUNO, successor in interest of the Kate Lutken Grantor Trust; WESLEY C. LUTKEN, JR., successor-in-interest of the Wesley Lutken Grantor Trust; DANIEL R. JAPHET; GRETCHEN JAPHET; SUSAN JAPHET SCOTTY; LARKEN JAPHET SUTHERLAND,

Appellees

————

Appeal from the United States District Court
for the Southern District of Texas
No. 4:17-CV-3270

————

No. 18-20462

Before JOLLY, COSTA, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

A different panel of this court recently found appellate jurisdiction lacking relative to the bankruptcy court's determination of liability in an otherwise unrelated adversary proceeding stemming from Houston Bluebonnet, L.L.C.'s Chapter 11 bankruptcy proceeding. *See In re Houston Bluebonnet, L.L.C.,* No. 18-20388, 752 Fed. App'x 191 (5th Cir. 2019)("*HB I").*[1] As noted in that decision, section 158(a) of Title 28 of the United States Code establishes two primary paths for appealing bankruptcy court rulings. Specifically, appeals can be taken from "final judgments, orders, and decrees," and "with leave of the court from other interlocutory orders and decrees." 28 U.S.C. §158(a)(1) & (3).[2]

The panel in *HB I* concluded that final judgment had not been entered in the adversary proceeding, reasoning that the bankruptcy court's grant of partial summary judgment did not end the litigation. Although liability was decided, the appropriate remedy, if any, was not. Nor had the appellants asked the district court to authorize an interlocutory appeal pursuant to §158(a)(3) and Rule 8004 of the Federal Rules of Bankruptcy Procedure. Thus, the panel vacated the district court's judgment and remanded the matter with instructions to dismiss the appeal.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Despite the recency of the February 2019 opinion, neither party sought to supplement their prior submissions relative to appellate jurisdiction. *See* FED. R. APP. P. 28(j) (citation of supplemental authorities post-briefing and post-oral argument). At the panel's instruction, however, the Clerk of Court instructed counsel to be prepared to discuss the issue at oral argument.

[2] Although not pertinent here, section 158(a)(2) also permits appeals from interlocutory orders and decrees issued under 11 U.S.C. § 1121(d). *See* 28 U.S.C. § 158(a)(2).

No. 18-20462

We reach the same result in this appeal of the bankruptcy court's October 10, 2017 determination that the appellees-plaintiffs here timely satisfied the Fifth Circuit's "informal proof of claim" filing requirements. That ruling did not end the litigation. Instead, the validity of the proffered claims remained undetermined at the time this appeal was taken. In fact, the bankruptcy court planned to hold a hearing to determine the claims' validity and allowed amount, if any, pursuant to 11 U.S.C. § 502(b), if Houston Bluebonnet were to object to the informal proofs of claim.  Nor, again, was leave of court to appeal an interlocutory order sought from the district court.[3] Accordingly, as before, we VACATE the judgment of the district court and REMAND this matter with instructions to dismiss the appeal for lack of jurisdiction.

---

[3] Notwithstanding its lengthy June 14, 2018 "Memorandum Order and Opinion," the district court's ruling on the merits of the appeal does not provide the necessary district court authorization for interlocutory appeal required by §158(a)(3).  *See In re Delta Produce, L.P.,* 845 F.3d 609, 618 (5th Cir. 2016) (district court must *expressly* exercise its discretion to allow an interlocutory appeal).